O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG CUU HUA,<br><br>              Plaintiff,<br><br>   v.<br><br>PATRICK R. DONAHOE, POSTMASTER GENERAL, U.S. POSTAL SERVICE, DONNA SOSA, POSTMASTER, U.S. POSTAL SERVICE, FRANK MALONE, POST MASTER, U.S. POSTAL SERVICE, LUIS M. GONZALEZ, SUPERVISOR, ROB LINDBLOOM, SUPERVISOR, RAYMOND TAN, SUPERVISOR,<br><br>              Defendants.<br>_____ | Case No. CV 14-05886 DDP (JEMx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT.** |

    Presently before the court is Defendants' Motion to Dismiss Plaintiff's Complaint. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.   Background**

    Cuong Cuu Hua ("Plaintiff") was a mail carrier for the United States Postal Service ("USPS"), Monterey Park branch since 1998.

(Compl. at 4.)  Plaintiff alleges he was subject to various discriminatory actions by Postmaster for the Monterey Park USPS branch, Donna Sosa, Postmaster for the Rosemead USPS branch, Frank Molone, and supervisors Rob Lindbloom and Raymond Tan.  In 2009 and 2011, Plaintiff filed EEOC complaints against Defendants Sosa, Gonzalez, and Lindbloom for these discriminatory actions. (Id. at 4-6.)  Plaintiff was then terminated in 2012.  (Id. at 6.)

On October 6, 2014, Plaintiff, proceeding pro se, filed a Complaint with this Court asserting four causes of action. Plaintiff asserts claims for retaliation under Title VII against individuals Sosa, Gonzalez, and Lindbloom and a claim for wrongful termination against Malone.  (Id. at 7-10.)

On July 28, 2014, Defendants filed a motion to dismiss Plaintiff's Complaint on two grounds (1) naming of improper defendants and (2) insufficient service of process.  (Def. Motion at 1.)

**II.  Legal Standard**

In order to survive a motion to dismiss for failure to state a claim, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick

v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**III. Discussion**

**A.   Improper Defendants**

Under Title VII of The Civil Rights Act of 1964, 42 U.S.C. §2000-e-2, et seq., claims "based upon federal employment discrimination" are to be brought "against the director of the agency concerned."  See White v. Gen. Servs. Admin., 652 F.2d 913, 916 n.4 (9th Cir. 1981).  "The Postmaster General is deemed the only appropriate defendant" in an Title VII action against the USPS.  Mahoney v. U.S. Postal Serv., 884 F.2d 1194, 1196 (9th Cir. 1989).  There is no personal liability for employees, including supervisors in a Title VII action.  See Greenlaw v. Garret, 59 F.3d 994, 1001 (9th Cir. 1994).

In the present case, Defendants contend Defendants Sosa, Malone, Gonzalez, Lindbloom, and Tan should be dismissed from the action because the only proper defendant under Title VII is USPS Postmaster General Donahoe.  Since the case law on bringing claims against USPS under Title VII is well defined, the Court agrees with Defendant.  To be clear, the alleged wrongful actions of Defendants Sosa, Malone, Gonzalez, Lindbloom, and Tan can be the basis of Plaintiff's claims before the court.  But they must be included in an action against the right person, Postmaster General Donahoe.

The court finds Defendants Sosa, Gonzalez, Lindbloom, Tan, and Malone are improper defendants.  Therefore, the Court dismisses

Plaintiff's Complaint as to these defendants and the claims asserted against them.

**B.  Insufficient Process**

Defendants also argue that Plaintiff's Complaint should be dismissed for insufficient service of process because the Complaint was not properly served on Defendants.  See Fed.R.Civ.P. 12(b)(5).  When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action. See Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

A summons must be served with a copy of the complaint.  Fed. R. Civ. P. 4(c)(1).  In order to serve a federal employee sued in an official capacity, a plaintiff must (1) personally serve the United States Attorney for the district in which the complaint is filed or send a copy of the summons and complaint by registered or certified mail to the civil process clerk at that United States Attorney's Office; (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General in Washington, D.C.; and (3) send a copy of the summons and complaint by registered or certified mail to the defendant personally.  See Fed. R. Civ. P. 4(i)(1)-(2).

Defendant argues that Plaintiff has not complied with the requirements of Rule 4 for three reasons.  First, Plaintiff contends that the complaint served on the U.S. Attorney's Office is not identical to the complaint filed with the court, thus they are

4

not identical copies. (Decl. of Kathleen R. Unger ¶ 4.) Second, Defendants contend that Plaintiff did not send a copy of the summons and complaint by registered or certified mail to the United States Attorney General as required by Fed. R. Civ. P. 4(i)(A)(1)(B) and 4(i)(2). Defendants point to the proofs of service filed with the court on October 14, 2014 that do not indicate any service to the Attorney General. (Dkt. Nos. 10-13.) Finally, Defendants contend that Defendants Sosa, Malone, Gonzalez, Lindbloom, and Tan were not properly served. Again, Defendants point to the proofs of service to show that the copies for Sosa, Malone, Gonzalez, Lindbloom, and Tam were sent to the U.S. Attorney's Office, not the defendants individually. The individual defendants also each present a sworn declaration confirming that they were not personally served. (Mot. Dismiss, Decls. Sosa, Malone, Gonzalez, Lindbloom, Tan.) Plaintiff has not filed proof of service with the court showing otherwise.

   Although courts broadly construe pleadings filed by pro se litigants to give such plaintiffs "the benefit of any doubt" even pro se litigants must comply with the Federal Rules of Civil Procedure See e.g., Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (citation omitted); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

   The Court finds Plaintiff did not satisfy the requirements of Rule 4 to effect service of process for this action.

**IV. Conclusion**

   For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE and

5

with leave to amend.[1] Specifically, Plaintiff may file an amended Complaint, within thirty days from the date of this order, that names Mr. Donahoe as the defendant as to each of his four claims. That filing must comply with the rules for proper service as set out in Rule 4(i)(1) & 4(i)(2) of the Federal Rules of Civil Procedure. That is, Plaintiff must properly serve the United State Attorney, the Attorney General, *and* each of the defendants individually at their personal addresses.[2]

IT IS SO ORDERED.

Dated: November 5, 2014

DEAN D. PREGERSON
United States District Judge

---

[1] The phrase "without prejudice" means that Plaintiff has not lost or waived any rights or privileges in this lawsuit.

[2] Plaintiff may wish to seek assistance from the Pro Se Clinic located at the United States Courthouse, 312 N. Spring Street, Room G-19, Main Street Floor. The Pro Se Clinic is not administered by the court itself, but rather by a nonprofit law firm, Public Counsel.

6