1

2

3                                                           O

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10

11  CUONG CUU HUA,                   )  Case No. CV 14-05886 DDP (JEMx)
                                     )
12                 Plaintiff,        )  ORDER RE MOTION TO DISMISS
                                     )  PLAINTIFF'S FIRST AMENDED
13       v.                          )  COMPLAINT
                                     )
14  PATRICK R. DONAHOE,              )  [Dkt. Nos. 20, 21, 22]
    POSTMASTER GENERAL , U.S.        )
15  POSTAL SERVICE, DONNA SOSA,      )
    POSTMASTER, U.S. POSTAL          )
16  SERVICE, FRANK MALONE, POST      )
    MASTER, U.S. POSTAL SERVICE,     )
17  LUIS M. GONZALEZ,                )
    SUPERVISOR, ROB LINDBLOOM,       )
18  SUPERVISOR, RAYMOND TAN,         )
    SUPERVISOR,                      )
19                                   )
                   Defendants.       )
20  _____ )

21

22       Before the court is Defendants' Motion to Dismiss Plaintiff's

23  First Amended Complaint.  Having considered the submissions of the

24  parties, the Court grants the motion and adopts the following

25  order.

26  I. BACKGROUND

27       Cuong Cuu Hua ("Plaintiff") was a mail carrier for the United

28  States Postal Service ("USPS"), Monterey Park branch, from 1998

1  until 2012.  (First Am. Compl. at 3.)  Plaintiff alleges he was

2  subject to retaliatory actions by Postmaster for the Monterey Park

3  USPS branch, Donna Sosa, Postmaster for the Rosemead USPS branch,

4  Frank Malone, and supervisors Rob Lindbloom, Raymond Tan, and Luis

5  Gonzalez.[1]  (Id. at 3-7.)  From 2010 through 2012, Plaintiff filed

6  a number of Equal Employment Opportunity Commission ("EEOC")

7  complaints against Defendants Sosa, Gonzalez, Lindbloom, and Tan

8  alleging these retaliatory actions.  (Id.)  Plaintiff's employment

9  was terminated in 2012.  (Id. at 7.)

10      On July 28, 2014, Plaintiff, proceeding pro se, filed a

11  Complaint with this Court asserting four causes of action.

12  (Compl.)  Plaintiff's Complaint asserted claims for retaliation

13  under Title VII against individuals Sosa, Gonzalez, and Lindbloom

14  and a claim for wrongful termination against Malone.  (Id. at 7-

15  10.)   On October 6, 2014, Defendants filed a Motion to Dismiss

16  Plaintiff's Complaint on the grounds that Plaintiff named improper

17  defendants and failed to complete sufficient service of process.

18  (Def. Mot. at 1, Dkt. No. 8.)  On November 5, 2014, the Court

19  granted Defendants' motion and dismissed Plaintiff's Complaint,

20  without prejudice, with leave to amend within thirty days.  (Order

21  at 6, Dkt. No. 16.)  Specifically, the Court granted Plaintiff

22  leave to file an amended complaint naming Postmaster General

23  Donahoe as defendant as to Plaintiff's asserted claims.  (Id.)

24      On December 3, 2014, Plaintiff, proceeding pro se, filed a

25  First Amended Complaint ("FAC") with this Court asserting three

26  _____

27      [1] Plaintiff's First Amended Complaint alleges retaliatory
    actions including being placed on suspension, placed on emergency
28  off-duty non-pay status, escorted by the police, issued letters of
    warning, and ultimately terminated.

1    causes of action.  (FAC at 8-11.)  Plaintiff's FAC asserted claims

2    for retaliation and discrimination on the basis of race and

3    national origin against individuals Sosa, Gonzalez, Lindbloom, and

4    Tan, and wrongful termination against individual Malone and

5    Postmaster General Donahoe.  (Id.)

6         On January 21, 2015, Defendants filed a Motion to Dismiss

7    Plaintiff's FAC on two grounds: (1) failure to exhaust

8    administrative remedies regarding claims of race and national

9    origin discrimination, and (2) naming improper defendants.  (Def.

10   Mot. at 1-2, Dkt. No. 20.)  Following an opposition by Plaintiff

11   and a reply by Defendants, the Court found these matters suitable

12   for decision without oral argument and vacated the scheduled

13   hearing.  (Order, Feb. 19, 2015, Dkt. No. 23.)

14   II. LEGAL STANDARD

15        In order to survive a motion to dismiss for failure to state a

16   claim, a complaint need only include "a short and plain statement

17   of the claim showing that the pleader is entitled to relief." Bell

18   Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v.

19   Gibson, 355 U.S. 41, 47 (1957)).  A complaint must include

20   "sufficient factual matter, accepted as true, to 'state a claim to

21   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

22   U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570 (2007)).

23   When considering a Rule 12(b)(6) motion, a court must "accept as

24   true all allegations of material fact and must construe those facts

25   in the light most favorable to the plaintiff." Resnick v. Hayes,

26   213 F.3d 443, 447 (9th Cir. 2000).  In general, pro se complaints

27   are held to less stringent standards than formal pleadings drafted

28   by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

3

III. DISCUSSION

A.  Improper Defendants

Under Title VII of The Civil Rights Act of 1964, 42 U.S.C. §2000-e-2, et seq., claims "based upon federal employment discrimination" are to be brought "against the director of the agency concerned." See White v. Gen. Servs. Admin., 652 F.2d 913, 916 n.4 (9th Cir. 1981).  "The Postmaster General is deemed the only appropriate defendant" in an Title VII action against the USPS.  Mahoney v. U.S. Postal Serv., 884 F.2d 1194, 1196 (9th Cir. 1989).  There is no personal liability for employees, including supervisors, in a Title VII action.  See Greenlaw v. Garret, 59 F.3d 994, 1001 (9th Cir. 1994).

As noted in this Court's previous order dismissing the individual defendants, the case law on bringing claims against USPS under Title VII is well defined.  The only proper defendant under Title VII is USPS Postmaster General Brennan,[2] and the alleged wrongful actions of Defendants Sosa, Malone, Gonzalez, Lindbloom, and Tan may provide the basis for Plaintiff's claims against Postmaster General Brennan.  The Court finds Defendants Sosa, Gonzalez, Lindbloom, Tan, and Malone are improper defendants, and the Court therefore dismisses them as parties to this action.

B.  Administrative Exhaustion

A plaintiff alleging a violation of Title VII must exhaust administrative remedies by filing a timely complaint with the Equal Employment Opportunity Commission ("EEOC") prior to filing suit in

---

[2] Megan J. Brennan became Postmaster General of the USPS on February 1, 2015.  Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Megan J. Brennan is automatically substituted for Patrick R. Donahoe, the former Postmaster General, as defendant in this suit.

1   federal district court.  42 U.S.C. § 2000e-5(f)(1); <u>Love v. Pullman</u>
2   <u>Co.</u>, 404 U.S. 522, 523 (1972); <u>Sommatino v. United States</u>, 255 F.3d
3   704, 707-08 (9th Cir. 2001).  The United States Supreme Court has
4   held that failure to file a timely EEOC administrative complaint is
5   a statutory requirement rather than a jurisdictional requirement.
6   <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982).
7   However, the Ninth Circuit also holds that "substantial compliance
8   with the presentment of discrimination complaints to an appropriate
9   administrative agency *is* a jurisdictional prerequisite."
10  <u>Sommatino</u>, 255 F.3d at 708 (emphasis in original).

11      Due to the remedial purpose of Title VII and the lack of legal
12  training of those initiating complaints, courts in the Ninth
13  Circuit construe a claimant's charge liberally.  <u>E.E.O.C. v. Farmer</u>
14  <u>Bros. Co.</u>, 31 F.3d 891, 899 (9th Cir. 1994); <u>Green v. Los Angeles</u>
15  <u>Cnty. Superintendent of Schs.</u>, 883 F.2d 1472, 1475-76 (9th Cir.
16  1989).  Even so, the EEOC must still be afforded a chance to
17  consider disputes before initiation of federal action where the
18  "claims are not so closely related that agency action would be
19  redundant."  <u>Brown v. Puget Sound Elec. Apprenticeship & Training</u>
20  <u>Trust</u>, 732 F.2d 726, 730 (9th Cir. 1984).

21      One purpose of the exhaustion requirement is to provide
22  notice to the charged party of the complainant's issues.  <u>B.K.B. v.</u>
23  <u>Maui Police Dep't</u>, 276 F.3d 1091, 1099 (9th Cir. 2002), <u>as amended</u>
24  (Feb. 20, 2002).  "Bypassing the administrative process under such
25  circumstances frustrates the policy of encouraging informal
26  conciliation and fostering voluntary compliance with Title VII."
27  <u>Brown</u>, 732 F.2d at 730.  See also <u>Unemployment Compensation</u>
28  <u>Commission of Territory of Alaska v. Aragon</u>, 329 U.S. 143, 155

1    (1946) ("[a] reviewing court usurps the agency's function when it

2    sets aside the administrative determination upon a ground not

3    theretofore presented . . . .").

4         The jurisdictional scope of a Title VII claimant's federal

5    action is therefore limited to "the scope of both the EEOC charge

6    and the EEOC investigation." Farmer Bros. Co., 31 F.3d at 899.

7    Thus, new claims of discrimination that were not included in an

8    EEOC charge may only be considered by a federal court if they are

9    "like or reasonably related to the allegations contained in the

10   EEOC charge." Brown, 732 F.2d at 729; See B.K.B., 276 F.3d at

11   1100.  In determining whether an allegation under Title VII is like

12   or reasonably related to allegations contained in a previous EEOC

13   charge, "the court inquires whether the original EEOC investigation

14   would have encompassed the additional charges." Green, 883 F.2d at

15   1476; see also Sommatino, 255 F.3d at 708.

16        This means that the district court will have subject matter

17   jurisdiction if the allegations of discrimination "fell within the

18   scope of the EEOC's actual investigation or an EEOC investigation

19   which can reasonably be expected to grow out of the charge of

20   discrimination." B.K.B., 276 F.3d at 1099-100 (citing Farmer Bros.,

21   31 F.3d at 899 (internal quotations omitted)).[3]

_____

22        [3] The Ninth Circuit has noted several factors which are
appropriate to consider in determining whether the new allegations
23   are sufficiently related, and therefore exhausted. B.K.B., 276
F.3d at 1100 (listing factors: the alleged basis of the
24   discrimination, dates of discriminatory acts specified within the
charge, perpetrators of discrimination named in the charge, and any
25   locations at which discrimination is alleged to have occurred).
Additionally, to the extent that the new claims are consistent with
26   the original theory of the case, the claims are generally
considered reasonably related.  See Farmer Bros., 31 F.3d at 899
27   (ruling that plaintiff exhausted her claim for discriminatory
layoff since that claim was always a part of the plaintiff's theory
28                                                       (continued...)

1    In the case of <u>Shah v. Mt. Zion Hosp. & Med. Ctr.</u>, the

2 complainant's EEOC complaint alleged sex and national origin

3 discrimination.  642 F.2d 268, 271 (9th Cir. 1981).  His federal

4 court complaint included additional claims based on race, color,

5 and religious discrimination, and these new claims were based on

6 the same factual allegations as the EEOC charge.  <u>Id.</u> at 272.  The

7 Ninth Circuit held the district court was correct to dismiss the

8 new claims for lack of subject matter jurisdiction because,

9 although the factual allegations were the same, the newly asserted

10 theories were never investigated by the EEOC.  <u>Id.</u>  <u>See also</u> <u>Leong</u>

11 <u>v. Potter</u>, 347 F.3d 1117, 1122 (9th Cir. 2003)(internal citations

12 omitted)(noting that a claim of race discrimination differs

13 substantially from a claim of disability discrimination).[4]

14    In the present case, Defendants argue the newly asserted

15 claims are not like or reasonably related to the charges before the

16 EEOC, and that it is not reasonable to expect an investigation into

17 the newly asserted claims would grow out of the charges asserted in

18 the administrative complaints.  The Court agrees.

19    An investigation into retaliation for a protected activity or

20 disability discrimination reasonably may seek information regarding

21 ──────────────
      [3](...continued)
22 of the case as expressed in her explicit allegations of
   discriminatory failure to recall and to rehire laid-off female
23 employees).
      [4] Cf. <u>Yamaguchi v. U.S. Dep't of the Air Force</u>, 109 F.3d
24 1475, 1480 (9th Cir. 1997) (finding "[a]n investigation of
   [Plaintiff's] sex discrimination charge could 'reasonably [have
25 been] expected to grow out of' her [sexual harassment] charge");
   <u>Serpe v. Four-Phase Systems, Inc.</u>, 718 F.2d 935, 937 (9th Cir.
26 1983) (finding claim of failure to promote because employee was
   female reasonably related to EEOC charge of sex discrimination in
27 employment); <u>Medina v. Donahoe</u>, 854 F. Supp. 2d 733, 751 (N.D. Cal.
   2012) (finding that new allegations of sexual misconduct "like or
28 reasonable related" to sexual harassment and hostile work
   environment charges in administrative complaint).

what the adverse actors knew of the complainant's prior protected activity or disability.  However, while such an investigation may also look at the intent behind the charged conduct, it does not look for motives relating to race or national origin, or whether the employee was treated differently from other employees of different races or national origins.

A requirement that EEOC investigate all possible charges, including those not asserted, whenever an investigation is commenced would effectively negate the notice requirement and gridlock the investigatory purpose to narrow the issues and achieve conciliation.

In <u>Shah</u>, the charges of race discrimination were not reasonably related to, and were not reasonably expected to grow out of, the original investigation into national origin discrimination.  Even more so here, Plaintiff's charges of race and national origin discrimination were not reasonably related to, and were not reasonably expected to grow out of, the original investigation into retaliation and disability discrimination.[5]  As in <u>Shah</u>, here Plaintiff's original theory of the case does not support new allegations of race and national origin discrimination.

Despite the Ninth Circuit's liberal construction of EEOC charges, "there is a limit to such judicial tolerance when principles of notice and fair play are involved."  <u>Freeman v. Oakland Unified Sch. Dist.</u>, 291 F.3d 632, 636 (9th Cir. 2002).

---

[5] Plaintiff's EEOC complaints included allegations of retaliation and disability discrimination in the form of letters of warning, being ordered to leave work, being placed on suspension or emergency placement, being restricted from speaking to other postal workers, and being issued notice of termination.

1  Nowhere in Plaintiff's EEOC complaints did Plaintiff allege race

2  or national origin discrimination, and nothing in the EEOC

3  complaints would have led the EEOC to believe that Plaintiff had

4  been subjected to such discrimination.

5     The Court finds that Plaintiff's claims of race and national

6  origin discrimination are not like or reasonably related to, and

7  are not reasonably expected to grow out of the investigation into,

8  his exhausted EEOC charges. Because Plaintiff has failed to

9  establish that he exhausted administrative remedies as to his

10  claims of discrimination on the basis of race and national origin,

11  the Court dismisses those claims.

12  C.  Plaintiff's Remaining Claims

13     The alleged wrongful actions of the dismissed individual

14  defendants may provide the basis for Plaintiff's claims against

15  Postmaster General Brennan. Plaintiff alleges that Postmaster

16  General Brennan is responsible for the actions of the dismissed

17  individual defendants. Therefore, under a liberal construction of

18  Plaintiff's FAC, the remaining factual and legal allegations

19  asserted by Plaintiff, excepting the dismissed unexhausted claims,

20  are hereby construed as asserted against Defendant Postmaster

21  General Brennan, under a cause of action for retaliation under

22  Title VII.

23  IV. CONCLUSION

24     For the reasons stated above, Defendants' motion to dismiss

25  is GRANTED as to the named individual defendants, and the

26  individual defendants are DISMISSED WITH PREJUDICE. Defendants'

27  motion to dismiss is GRANTED as to claims alleging discrimination

28  on the basis of race and national origin. Plaintiff's claims of

racial and national origin discrimination are DISMISSED WITHOUT PREJUDICE.   Plaintiff's cause of action for retaliation may proceed against the USPS Postmaster General.

IT IS SO ORDERED.

Dated: March 24, 2015

_____
DEAN D. PREGERSON
United States District Judge