O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CUONG CUU HUA, | ) | Case No. CV 14-05886 DDP (JEMx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO DISMISS** |
| | ) | **WITH PREJUDICE** |
| v. | ) | |
| | ) | [Dkt. No. 43] |
| PATRICK R. DONAHOE, | ) | |
| POSTMASTER GENERAL , U.S. | ) | |
| POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

        Presently before the Court is Defendant's Motion to Dismiss
the Second Amended Complaint.  (Dkt. No. 43.)  After considering
the parties' submissions, the Court adopts the following Order.

**I.    BACKGROUND**

        Plaintiff Cuong Cuu Hua worked for Defendant United States
Postal Service ("USPS") from October 1996 to June 2012.  (Compl. ¶¶
3, 13.)  Plaintiff "is of Vietnamese de[s]cent" and "speaks and
understands very limited English."  (Id. ¶ 3.)  Plaintiff worked at
the Monterey Park Post Office as a letter carrier.  (Id.)
Throughout the course of Plaintiff's employment, Plaintiff alleges
he dealt with harassment and discrimination at the hands of Donna

1  Sosa (the Postmaster at Monterey Park Post Office), Luis Gonzalez
2  (Plaintiff's first level supervisor), Robert Lindbloom (Plaintiff's
3  supervisor), and Raymond Tan (Plaintiff's supervisor).  (Id. ¶ 4.)
4  Plaintiff filed several Equal Employment Opportunity ("EEO")
5  complaints in the USPS EEO Commission.  (See generally Compl.)
6      This Court has issued two prior Orders in this case, both
7  granting Defendants' motions to dismiss with leave for Plaintiff to
8  amend the complaint as to certain claims and defendants.  (See Dkt.
9  Nos. 16, 24.)  The Order granting Defendants' motion to dismiss the
10 First Amended Complaint states:
11        For the reasons stated above, Defendants' motion to dismiss
          is GRANTED as to the named individual defendants, and the
12        individual defendants are DISMISSED WITH PREJUDICE.
          Defendants' motion to dismiss is GRANTED as to claims
13        alleging discrimination on the basis of race and national
          origin.  Plaintiff's claims of racial and national origin
14        discrimination are DISMISSED WITHOUT PREJUDICE.
          Plaintiff's cause of action for retaliation may proceed
15        against the USPS Postmaster General.
16 (Order, dkt. no. 24, at 9-10.)
17      In Plaintiff's current Second Amended Complaint ("SAC"),
18 Plaintiff is represented by counsel and alleges three causes of
19 action against the proper defendant, the current Postmaster General
20 of the USPS: (1) discrimination based on national origin; (2)
21 discrimination based on disability; and (3) retaliation based on
22 Plaintiff's prior EEO complaints.  Defendant has again moved to
23 dismiss all claims.  (Mot. Dismiss, dkt. no. 43.)
24 **II.  LEGAL STANDARD**
25      A 12(b)(6) motion to dismiss requires a court to determine the
26 sufficiency of the plaintiff's complaint and whether it contains a
27 "short and plain statement of the claim showing that the pleader is
28 entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under Rule

2

1  12(b)(6), a court must (1) construe the complaint in the light most

2  favorable to the plaintiff, and (2) accept all well-pleaded factual

3  allegations as true, as well as all reasonable inferences to be

4  drawn from them.  See Sprewell v. Golden State Warriors, 266 F.3d

5  979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187

6  (9th Cir. 2001); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir.

7  1998).

8      In order to survive a 12(b)(6) motion to dismiss, the

9  complaint must "contain sufficient factual matter, accepted as

10  true, to 'state a claim to relief that is plausible on its face.'"

11  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl.

12  Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  However,

13  "[t]hreadbare recitals of the elements of a cause of action,

14  supported by mere conclusory statements, do not suffice."  Id. at

15  678.  Dismissal is proper if the complaint "lacks a cognizable

16  legal theory or sufficient facts to support a cognizable legal

17  theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097,

18  1104 (9th Cir. 2008); see also Twombly, 550 U.S. at 561-63

19  (dismissal for failure to state a claim does not require the

20  appearance, beyond a doubt, that the plaintiff can prove "no set of

21  facts" in support of its claim that would entitle it to relief).

22      A complaint does not suffice "if it tenders 'naked

23  assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 556

24  U.S. at 678 (quoting Twombly, 550 U.S. at 556).  "A claim has

25  facial plausibility when the plaintiff pleads factual content that

26  allows the court to draw the reasonable inference that the

27  defendant is liable for the misconduct alleged."  Id.  The Court

28  need not accept as true "legal conclusions merely because they are

3

cast in the form of factual allegations." <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003).

**III. DISCUSSION**

**A.    National Origin Discrimination**

Defendant argues that the Court should dismiss Plaintiff's claim of discrimination based on his national origin.  First, Defendant argues that Plaintiff did not exhaust his national origin discrimination claim and so the Court lacks subject matter jurisdiction.  (Mot. Dismiss at 4-7.)  Second, Defendant argues that if the Court considers the merits of the claim, that Plaintiff has failed to state a claim based on the conclusory facts alleged in the SAC.  (<u>Id.</u> at 7-8.)

Plaintiff responds that his previous EEOC complaints did exhaust his national origin discrimination claim and that his complaint does allege sufficient facts for such a claim.  (Opp'n at 3-6.)

As explained by this Court in its prior Order, a plaintiff alleging a violation of Title VII must exhaust administrative remedies by filing a timely complaint with the EEOC prior to filing suit in federal district court.  42 U.S.C. § 2000e-5(f)(1); <u>Love v. Pullman Co.</u>, 404 U.S. 522, 523 (1972); <u>Sommatino v. United States</u>, 255 F.3d 704, 707-08 (9th Cir. 2001).  One purpose of the exhaustion requirement is to provide notice to the charged party of the complainant's issues.  <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1099 (9th Cir. 2002), <u>as amended</u> (Feb. 20, 2002).

Due to the remedial purpose of Title VII and the lack of legal training of those initiating complaints, courts in the Ninth Circuit construe a claimant's charge liberally.  <u>E.E.O.C. v. Farmer</u>

4

1   Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994); Green v. Los Angeles

2   Cnty. Superintendent of Schs., 883 F.2d 1472, 1475-76 (9th Cir.

3   1989).   Even so, the EEOC must still be afforded a chance to

4   consider disputes before initiation of federal action where the

5   "claims are not so closely related that agency action would be

6   redundant."   Brown v. Puget Sound Elec. Apprenticeship & Training

7   Trust, 732 F.2d 726, 730 (9th Cir. 1984).

8        The jurisdictional scope of a Title VII claimant's federal

9   action is therefore limited to "the scope of both the EEOC charge

10  and the EEOC investigation."   Farmer Bros. Co., 31 F.3d at 899.

11  Thus, new claims of discrimination that were not included in an

12  EEOC charge may only be considered by a federal court if they are

13  "like or reasonably related to the allegations of the EEOC charge."

14  Brown, 732 F.2d at 729; see also B.K.B., 276 F.3d at  1100.   In

15  determining whether an allegation under Title VII is like or

16  reasonably related to allegations contained in a previous EEOC

17  charge, "the court inquires whether the original EEOC investigation

18  would have encompassed the additional charges."   Green, 883 F.2d at

19  1476; see also Sommatino, 255 F.3d at 708.

20       This Court's prior Order dismissing the First Amended

21  Complaint held that Plaintiff's claims of race and national origin

22  discrimination were not exhausted because the claims were "not like

23  or reasonably related to, and are not reasonably expected to grow

24  out of the investigation into, his exhausted EEOC charges."

25  (Order, dkt. no. 24, at 9.)   This Court found that none of

26  Plaintiff's EEOC complaints alleged race or national origin

27  discrimination and nothing in the complaints would indicate to the

28  EEOC that such a claim could have been raised.   (Id.)   The EEOC

1   complaints instead alleged "retaliation and disability

2   discrimination in the form of letters of warning, being ordered to

3   leave work, being placed on suspension or emergency placement,

4   being restricted from speaking to other postal workers, and being

5   issued notice of termination." (Id. at 8 n.5.)

6       Plaintiff's Opposition and SAC do not point to any new EEOC

7   complaint or part of the EEOC complaints that were not before the

8   Court in its prior Order.  Plaintiff's argument here is that these

9   three sentences included in an EEOC complaint should have put the

10  EEOC on notice that there was a national origin discrimination

11  claim so as to exhaust the claim now:

12          She did not allow my shop steward to read through so called
            a bundle of unknown document[s] as well. [. . .] I have [a]
13          reasonable double [sic] that I am not being treated with
            respect and dignity. [. . .] This is my first time being
14          treated like a slave by this management.

15  (Opp'n at 4 (citing Ex. 1 p.29 to Def. Mot. Dismiss).)  These same

16  allegations are included in Plaintiff's SAC.  (SAC ¶ 8.)  Plaintiff

17  argues that these statements "speak of a claim of national origin

18  and in being Vietnamese and needed an interpreter and being taken

19  advantage of by Postmaster, MS. SOSA."  (Opp'n at 4.)

20      Plaintiff further argues that Defendant should be estopped

21  from arguing that such an inference should have been drawn by the

22  EEOC because "it was the USPS's own EEO department who was

23  responsible to frame the issues for an non-English speaking

24  employee." (Id. at 4-5.)  According to Plaintiff, the underlying

25  issue in all the EEOC complaints is Plaintiff's problems

26  communicating with USPS management.  (Id. at 5.)  Lastly, referring

27  to the relations between Plaintiff and USPS management, Plaintiff

28  states that "[i]t can only be presumed all of this aggressive

1  activity was a result of national origin discrimination." (Id. at

2  6.)[1]

3      However, all of these allegations do not change the Court's

4  prior holding that the EEOC did not have notice of such a claim.

5  The language relied on by Plaintiff quoted above does not include

6  any allegation about Plaintiff's national origin or discrimination

7  that is based on Plaintiff's national origin.  There is no mention

8  that Plaintiff is Vietnamese or that the actions taken against

9  Plaintiff had anything to do with Plaintiff being from Vietnam.

10 The EEOC had no reason to presume any discrimination based on

11 Plaintiff's national origin.  Therefore, the Court dismisses with

12 prejudice Plaintiff's claim of national origin discrimination

13 because the claim is not exhausted.

14     **B.   Disability Discrimination**

15     Defendant argues first that Plaintiff's allegations are

16 improperly brought under the Americans with Disabilities Act

17 ("ADA") because Plaintiff is a federal government employee, so any

18 disability discrimination claim by him against the federal

19 government must be brought under the Rehabilitation Act.  (Mot.

20 Dismiss at 9.)  Further, Defendant claims that even converting the

21 ADA claim to a claim under the Rehabilitation Act, the claim is

22 still time barred.  (Id. at 9-10.)  Lastly, Defendant argues that

23

24
─────────────────
25     [1]   Plaintiff also argues in his opposition that a supervisor
   called Plaintiff "an animal" on May 1, 2012.  (Opp'n at 6.)
26 Plaintiff's position is that this is "an equivalent name calling as
   'gook.'" (Id.)  Plaintiff admits that this was not pled in the SAC,
27 but even if it had been, the Court does not find that this
   statement is sufficient at this stage to make a claim for national
28 origin discrimination, and the statement was not alleged to be in
   an EEOC complaint and so is not exhausted either.

1 the claim is unsupported by factual allegations sufficient to state

2 a claim. (Id. at 10-11.)

3     Plaintiff admits that he should have brought his claim under

4 the Rehabilitation Act. (Opp'n at 6.) However, Plaintiff asks the

5 Court for leave to amend so he can correct this mistake. Id.

6 Plaintiff further argues that his claim is timely and there are

7 sufficient facts to support the claim. (Id. at 6-8.) Plaintiff

8 states that the claim alleged now relates back to the facts alleged

9 in the original complaint. (Id. at 7-8)

10           **1.  Correct Cause of Action**

11     As Plaintiff acknowledges, this claim for disability

12 discrimination must be brought under the Rehabilitation Act; thus,

13 the claim should be dismissed for this reason alone. See 29 U.S.C.

14 § 791 (Rehabilitation Act); Boyd v. U.S. Postal Serv., 752 F.2d

15 410, 412-13 (9th Cir. 1985). To determine if the dismissal should

16 be with or without prejudice, the Court examines below Defendant's

17 other arguments regarding timeliness and sufficiency of the

18 pleading.

19           **2.  Time Bar**

20     According to Defendant, Plaintiff's disability discrimination

21 claim is only timely if it relates back to Plaintiff's original

22 complaint. (Mot. Dismiss at 10.) Plaintiff does not dispute that

23 his disability discrimination claim was raised for the first time

24 in this SAC, which would not be timely absent relation back to the

25 original complaint. (Opp'n at 7.) Thus, the crucial question is

26 whether the claim for disability discrimination relates back to the

27 allegations in the original pleading. See Fed. R. Civ. Pro.

28 15(c)(1)(B).

1    Plaintiff's original pro se complaint raised claims for
2  retaliation under Title VII of the Civil Rights Act, referring to
3  his EEO complaints in 2009 and 2011, as well as a claim of wrongful
4  termination.  (Compl., dkt. no. 1, pp. 6-10.)  Plaintiff argues
5  that his current disability discrimination claim relates back to
6  his wrongful termination on June 11, 2012.  (Opp'n at 7.)
7  Plaintiff alleges he was injured on November 14, 2011, took a leave
8  from work until April 24, 2012, and then resumed work with the need
9  for accommodation because "he could not stand for longer than 2
10  hours, or walk more than 2 hours a day."  (Id. at 8.)

11    After this time, Plaintiff claims, he was suspended and then
12  fired, which shows "a direct causal connection between [his]
13  disability beginning in November, 2011, which continued up to his
14  termination, including the filing of a grievance, an EEO Complaint
15  concerning going to the post office business premises to present
16  medical certification of his disability."  (Id.)  Thus, according
17  to Plaintiff, because the same facts underlie his wrongful
18  termination and his disability discrimination claims, the
19  disability discrimination claim in the SAC should be held to relate
20  back to Plaintiff's original complaint.  Further, Plaintiff points
21  out that he raised his disability discrimination claim in his prior
22  EEOC complaints, so the USPS had several ways to be on notice of
23  his claim.  (Id.)

24    Defendant argues that there is no connection between the
25  allegations in the two pleadings.  (Mot. Dismiss at 10.)
26  Defendant claims that the disability discrimination cause of action
27  "would rely on operative facts related to whether Plaintiff was
28  disabled and whether he was otherwise qualified, including whether

1   he could perform the essential functions of his position, under the

2   applicable statutory standards."  (Id.)  This is "irrelevant to the

3   original Complaint's claims for retaliation and wrongful

4   termination, which do not depend on any proof related to a

5   disability."  (Id.)

6       The Court holds that the disability discrimination claim does

7   relate back to Plaintiff's original complaint.  The original

8   complaint, filed when Plaintiff was pro se, is sparse on factual

9   allegations but does allege that Plaintiff suffered retaliation

10  based on activity that resulted in EEOC complaints and wrongful

11  termination in 2012.  Under Rule 15, the amendment to the pleading

12  must "assert[] a claim or defense that arose out of the conduct,

13  transaction, or occurrence set out — or attempted to be set out —

14  in the original pleading."  Fed. R. Civ. Pro. 15(c)(1)(B).  Here,

15  arguably Plaintiff's disability discrimination claim arises out of

16  the same occurrences attempted to be set out in Plaintiff's

17  original complaint.  Plaintiff argues that his termination, the

18  other disciplinary actions taken against him, and his EEOC

19  complaints include conduct related to disability discrimination.

20  Therefore, Plaintiff's claim relates back to the original pleading.

21                  **3.    Failure to State a Claim**

22      Defendant argues that if this Court considers Plaintiff's

23  disability discrimination claim on the merits, then the claim

24  should be dismissed because the SAC "fails to plead facts that, if

25  true, would establish a claim for disability discrimination."

26  (Mot. Dismiss at 11.)   Defendant argues that Plaintiff's

27  allegations do not "show that he was terminated or subjected to any

28  other adverse actions because of his disability."  (Id.)

Plaintiff argues, as described above, that his termination and
the other adverse employment actions against him are related to
disability discrimination.  The SAC alleges that Plaintiff has a
disability caused by an injury on May 24, 2011, to his left foot.
(SAC ¶ 19.)  Plaintiff also injured his knee on November 14, 2011,
resulting in a leave of absence from work from November 14, 2011,
to April 24, 2012.  (Id. ¶ 20.)  Plaintiff alleges that he was
required to provide proof of his continued eligibility for
disability during January 2012 but that supervisors at USPS
prevented him from entering the premises, leading to Plaintiff
filing an EEOC complaint.  (Id. ¶ 21.)  After that, Plaintiff
returned to work on "a limited basis" until May 15, 2012, when
Plaintiff was suspended.  (Id. ¶ 20.)

However, the SAC then goes on for several paragraphs about a
mediation, a settlement allowing Plaintiff to return to the post
office, and several incidents where Plaintiff was alleged to have
acted out against USPS supervisors and was disciplined, none of
which are connected to his disability at all as pled.  (Id. ¶¶ 22-
30.)  Plaintiff allegedly "spoke in a loud manner and lunged at Mr.
GONZALEZ," one of Plaintiff's supervisors.  (Id. ¶ 24.)  Mr.
Gonzalez allegedly reminded Plaintiff of the settlement outcome of
the EEO complaint, but also reminded Plaintiff that he had to
follow instructions and not talk back or lunge threateningly.  (Id.
¶ 25.)  Further, Ms. Sosa, another supervisor, alleged that
Plaintiff "made a gesture to her of masturbation" in the parking
lot, which led to an investigation at which Plaintiff alleged he
did not understand what was going on but resulted in his "30 day
emergency suspension as being 'injurious to self and others.'"

1    (<u>Id.</u> ¶ 26.)   All of this, Plaintiff alleges, eventually resulted

2    in Plaintiff's termination on June 11, 2012.  (<u>Id.</u> ¶ 28.)

3        A plaintiff must plead specific facts that show (1) the

4    plaintiff had a disability; (2) the plaintiff could perform his or

5    her job with reasonable accommodations; and (3) the plaintiff was

6    discriminated against because of this disability.  <u>See</u> <u>Kaplan v.</u>

7    <u>City of N. Las Vegas</u>, 323 F.3d 1226, 1229 (9th Cir. 2003)

8    (describing elements of claim under the Americans with Disabilities

9    Act, which is the same standard for injuries under the

10   Rehabilitation Act).

11       None of the allegations in the SAC relate to Plaintiff's foot

12   or knee disability.  It is insufficient for Plaintiff to plead that

13   his work was terminated "due to the retaliatory conduct of the

14   management of POST OFFICE, as well as the fact that he was disabled

15   and on limited duty due to injuries to his ankle and knee from

16   November, 2011 until his removal on June 11, 2012."  (<u>Id.</u> ¶ 30.)

17   Plaintiff has to support his legal allegations by pleading

18   underlying factual allegations that connect his disability to an

19   adverse employment action.  This is Plaintiff's third complaint,

20   this time represented by counsel.  The fact that Plaintiff has been

21   unable to allege facts that would satisfy these elements

22   demonstrates that leave to amend would be futile in this case as

23   there are no facts that connect Plaintiff's disability to any

24   adverse employment action or discrimination.  Therefore,

25   Plaintiff's second cause of action for disability discrimination is

26   dismissed with prejudice.

27   ///

28   ///

1    **C.   Retaliation**

2       Defendant argues that the SAC fails to allege sufficient facts

3    to support a retaliation claim, and what facts are alleged in the

4    SAC do not show the needed "but for" causation between the

5    protected activity and the termination of Plaintiff's employment.

6    (Mot. Dismiss at 11-13.)

7       Plaintiff responds that there is a clear case for retaliation

8    here: Plaintiff filed several EEOC complaints, and then he was

9    fired.  (Opp'n at 8-9.)  This is further connected to his

10   disability because Plaintiff returned from a six month absence due

11   to his disability right before Plaintiff incurred disciplinary

12   action and then termination.  (Id. at 9.)

13      A claim of retaliation under Title VII requires a plaintiff to

14   show: "(1) he engaged in a protected activity; (2) he suffered an

15   adverse employment decision; and (3) there was a causal link

16   between the protected activity and the adverse employment

17   decision." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054,

18   1064 (9th Cir. 2002).  In Villiarimo, the court found that the

19   plaintiff had engaged in protected activity under Title VII because

20   the plaintiff had filed an internal complaint about sexual

21   harassment at work.  Id.  However, the court held that the

22   plaintiff had not shown the necessary "but for" causation between

23   this protected activity and his termination from work because all

24   he alleged was that his termination was after he filed the

25   complaint.  Id. at 1064-65.

26      Here, the Court holds that the SAC does not allege a case for

27   retaliation.  Plaintiff filed numerous EEOC complaints about his

28   treatment at the USPS, and he suffered adverse employment actions

1   leading up to suspension and termination.  However, Title VII only

2   protects against retaliation for certain protected conduct, as does

3   the Rehabilitation Act.  Making employment complaints unrelated to

4   disability, race, national origin, sex, gender, color, or religious

5   discrimination is not a protected activity under Title VII or the

6   Rehabilitation Act.  Plaintiff has failed to specifically allege

7   facts (and not just legal conclusions) in the SAC that constitute

8   discrimination on the basis of Plaintiff's disability or other

9   protected class.  Plaintiff would need to plead that these alleged

10  instances of discrimination were raised in his EEOC complaints and

11  thus causally connected to his employment termination, which

12  Plaintiff alleges was caused by his filing the EEOC complaints.

13       The SAC states that Plaintiff was fired "due to retaliation

14  for his prior EEO activity, complaints, and in particular, MR.

15  HUA'S win at the April 26, 2012 mediation." (SAC ¶ 43.)  This

16  statement does not provide indication of what discrimination based

17  on a protected class Plaintiff complained about, and the preceding

18  paragraphs in the SAC do not indicate that any of the EEOC

19  complaints were related to disability discrimination or national

20  origin discrimination, the only two protected classes in the SAC's

21  causes of action.  Because none of the complaints are tied to any

22  colorable claim of discrimination on the basis of disability or

23  national origin discrimination, there is no causal connection

24  between any discrimination and the adverse employment action.

25  Therefore, the Court holds that Plaintiff's retaliation cause of

26  action is dismissed with prejudice.

27  ///

28  ///

**IV.   CONCLUSION**

       For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.   Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE.


IT IS SO ORDERED.


Dated: December 18, 2015

                                        DEAN D. PREGERSON
                                        United States District Judge